STATE OF MAINE
SOMERSET, ss.

REC'D & FILED
Wendy M. Robinson

FEB 03 2011

Clerk of Courts
Somerset County

SUPERIOR COURT
Docket No.: 10-CR-226
JCN- CJ A\ - ., / 2 - 0 /

State of Maine,

v.

James Fowler,

Defendant

**ORDER**
(Request for *Franks* Hearing)

This matter was heard on January 18, 2011, on Defendant's request for a *Franks* hearing[1] to challenge the accuracy of the information contained in the affidavit used to secure a warrant to search Defendant's residence on March 19, 2010. In the search, law enforcement officers found a number of marijuana plants, after which search the State charged Defendant with marijuana cultivation in violation of 17-A M.R.S. § 1117(1)(B)(3).

Discussion

Defendant is entitled to a *Franks* hearing only if "he makes a 'substantial preliminary showing' that: (1) the affidavit to obtain a warrant included intentional and knowing misstatements or misstatements made in reckless disregard for the truth, and (2) ... the misstatements were necessary for a finding of probable cause." *State v. Dickinson*, 2005 ME 100, ¶ 8, 881 A.2d 651, 655 (citations omitted). If Defendant satisfies these requirements, a hearing is nevertheless not required "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient

---

[1] "A *Franks* hearing is an evidentiary hearing pursuant to which a defendant is permitted to challenge the truthfulness of statements made in an affidavit to support a search warrant." *State v. Dickinson*, 2005 ME 100, ¶ 8, 881 A.2d 651, 655 (citing, *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674).

content in the warrant affidavit to support a finding of probable cause ..." *Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S.Ct. 2674.

In support of his request for a hearing, Defendant cites three aspects of the affidavit Mathew Cunningham (Cunningham) of the Somerset County Sheriff's Office: (1) that Cunningham's assertion that it was unknown whether the Defendant had a medical marijuana prescription was misleading or false; (2) that Cunningham's assertion that certain photographs depicted more than 100 marijuana plants in Defendant's home was misleading or false; and (3) that the affidavit lacked sufficient information from which one could assess the reliability of information supplied by an informant.

Defendant contends that given one of Cunningham's principal sources of information for the affidavit, Cunningham had to know that his representation to the Court that it was unknown whether Defendant had a medical marijuana prescription was false. In particular, Defendant argues that because Cunningham obtained a substantial amount of his information from Defendant's Facebook page, including the photographs that Cunningham observed and referenced in his affidavit, Cunningham must have seen a picture of Defendant's medical marijuana prescription which, according to Defendant, is located on the same Facebook page in close proximity to the subject photographs.

Preliminarily, Defendant has not established a sufficient record upon which the Court can conclude that Cunningham likely observed the medical marijuana prescription on Defendant's Facebook page. In essence, Defendant contends that Cunningham's observation of the prescription was inevitable because he located and examined the photographs of the marijuana plants. The fact that Cunningham could have potentially accessed a photograph of the prescription does not automatically lead to the conclusion

that he in fact viewed the photograph. That is, the mere fact that the prescription was available for Cunningham to observe does not constitute a "substantial preliminary showing" that Cunningham was aware of the prescription, and intentionally or recklessly withheld that information from or misrepresented that information to the Court.

Even if the Court were convinced that Defendant had satisfied his burden on this issue, the Court would nevertheless deny Defendant's request for a hearing based on the issue. As Cunningham asserted in his affidavit, in the event Defendant had a medical marijuana prescription, Defendant would still be in violation of law given the number of plants that Cunningham observed. In other words, the affidavit established probable cause for the search regardless of the representation as to whether Defendant had a prescription for medical marijuana.

Defendant's argument regarding Cunningham's representations about the photographs of the plants also fails. Defendant contends that Cunningham inaccurately described the number of plants because he failed to include in the affidavit his observation, contained in his report but not his affidavit, that the total number of plants could be less than asserted because the different perspectives of the various photographs might distort the number of actual plants in the Defendant's residence. Significantly, however, Defendant failed to present any reliable evidence to suggest that the number of plants was other than the number asserted by Cunningham, or that the number of plants present was within the permissible limit for a person with a valid medical marijuana prescription. Accordingly, Defendant has not made a "substantial preliminary showing" that Cunningham misrepresented the substance of the photographs. In addition, the

record contains no persuasive evidence to suggest the absence of probable cause if Cunningham had included in his affidavit all of the information contained in his report.

Finally, Defendant has failed to make a "substantial preliminary showing" that Cunningham misrepresented the informant's qualifications, or withheld any information that would generate questions about the informant's reliability. Defendant's argument regarding the information supplied about the informant cannot, therefore, be the basis of a *Franks* hearing.

Conclusion

Based on the foregoing analysis, the Court denies Defendant's request for a *Franks* hearing.

The Clerk shall incorporate this Order into the docket by reference.

Dated: 2/3/11

Justice, Maine Superior Court